IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>                          )<br>           Plaintiff/Respondent,  )<br>                          )<br>vs.                       )<br>                          )<br>Ramiro Guizar-Valencia,       )<br>                          )<br>           Defendant/Movant.    )<br>_____ ) | No. CR-05-117 PHX-SRB<br>CV 05-2146 PHX-SRB (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (document # 28).  Respondent filed an Answer to the Motion (document # 24) to which Movant has not replied and the time for doing so has expired.

In his § 2255 Motion, Movant alleges ineffective assistance of counsel and that his criminal history is overstated because his prior convictions are ten years old and are being "double counted."  (document # 17)

**Procedural History**

Pursuant to a written plea agreement, on February 10, 2005, Movant waived indictment and pleaded guilty to Re-entry after Deportation in violation of 8 U.S.C. § 1326(a) enhanced by § 1326(b)(2) as charged in the information.  (document # 5[1])  Pursuant to Fed.R.Crim.P. 11(e)(1)(C), the government and Movant agreed that Movant should receive a three-level reduction in base offense level for acceptance of responsibility and an additional

---

[1] Citations to "document # ___" are to documents in *United States of America v. Ramiro Guizar-Valencia*, 05-CR-117-SRB-PHX.

1  four-level downward departure based on savings to the government. (document # 16 at 3)  In
2  accordance with the plea agreement, Movant's sentencing guideline range was reduced from 51-
3  125 months to 37-46 months.  (PSR at ¶ 78) On May 23, 2005, the Court sentenced Movant to
4  37 months imprisonment followed by three years supervised release.  (document # 15)

5  Thereafter, Movant filed the pending § 2255 motion.  Respondent concedes that
6  Movant's motion is timely, therefore, the Court will not address the statute of limitations.

## ANALYSIS

8  Based on the following discussion, the undersigned recommends denying the
9  pending § 2255 motion because Movant's claims fail.

**I. Waiver**

11  Respondents assert that the Court should dismiss Movant's § 2255 motion because,
12  pursuant to his written plea agreement, he expressly waived the right to file a § 2255 motion.

13  Movant pleaded guilty pursuant to a written plea agreement which the District Court
14  accepted. (documents # 12, # 15, # 16)  The written plea agreement provided that Movant
15  waived "(1) any right to appeal the court's entry of judgment against the defendant; (2) any right
16  to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section
17  3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and
18  sentence under Title 28, United States Code, Section 2255, or any other collateral attack."
19  (document # 16 at 5)  Movant also waived "any and all motions, defenses, probable cause
20  determinations, and objections which the defendant could assert to the information or indictment
21  or to the court's entry of judgment against defendant and imposition of sentence upon the
22  defendant provided the sentence is consistent with this agreement."  (Id.)

23  Express waivers of the right to collaterally attack a conviction or sentence are
24  enforceable.  United States v. Abarca, 985 F.2d 1012, 1013-14 (9th Cir. 1993)(stating that
25  movant's waiver executed in his plea agreement foreclosed him from challenging his sentence
26  in a § 2255 motion.)  Where a movant pleads guilty, review is limited to whether the underlying
27  plea was counseled and voluntary.  United States v. Broce, 488 U.S. 563, 569 (1989); Boykin

v. Alabama, 395 U.S. 238, 242-43 (1969)(stating that to comport with due process, a guilty plea must be knowing and voluntary.)

Here, Movant does not challenge the validity of the plea agreement itself. Rather, liberally construing the § 2255 motion, Movant claims that counsel rendered ineffective assistance because he advised Movant that he would receive a 24-month sentence.

The Ninth Circuit has recently stated that review of an ineffective assistance claim is limited where a defendant has waived his right to collaterally attack his conviction and sentence. Specifically, in United States v. Jeronimo, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005), the court stated that:

> We leave open the possibility that Jeronimo might raise his ineffective assistance argument on federal habeas procedure, through a § 2255 motion, notwithstanding that Jeronimo's appeal waiver covered 'all his waivable statutory rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.' Although a defendant may waive the statutory right to file a § 2255 petition 'challenging the length of his sentence,' we do not decide whether such language would necessarily encompass a claim challenging the knowing and voluntary nature of the plea agreement (and accompanying waiver of § 2255 rights). Further, we do not decide whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance claim implicating the voluntariness of the waiver itself. See, United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994)(expressing "doubt" that plea agreement could waive such a claim, but declining to reach the issue).

Jeronimo, 398 F.3d at 1156 n. 4. Thus, the only reviewable claim of ineffective assistance of counsel is a claim relating to counsel's performance affecting the voluntariness of Movant's plea agreement or waiver. Any other claims of ineffective assistance are not properly before the Court in view of Movant's waiver.

**II.  Ineffective Assistance of Counsel**

Movant claims that counsel was ineffective because he advised Movant that he would receive a 24-month sentence but the Court sentenced Movant to 37 months imprisonment.

To prevail on a claim of ineffective assistance of counsel, Movant must establish that (1) counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688-692 (1984). To establish

prejudice, movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Because Movant pleaded guilty pursuant to a written plea agreement, he can only challenge counsel's ineffectiveness as it relates to the voluntariness of his plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973)("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense of which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [deficient.]") The Ninth Circuit recognizes that "[a] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v Signori, 844 F.2d 635, 638 (9th Cir. 1988).  "Because of the difficulties in evaluating attorney performance in hindsight, courts considering ineffective counsel claims 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Jeronimo, 398 F.3d at 1155 (quoting Strickland, 466 U.S. at 689).

Movant claims that defense counsel advised him that if he pled guilty he would only be sentenced to 24 months in prison.  Movant has not submitted any evidence in support of that claim and the record does not support Movant's allegations.  Movant has not shown that counsel provided deficient advice that rendered Movant's plea involuntary.  Rather, the record demonstrates that Movant was satisfied with counsel's advice and that he knowingly and voluntarily pleaded guilty without force, threats, or promises. (document # 26) Movant advised the Court that he understood the nature of the charge and that he voluntarily entered his guilty plea without any force, threats or promises. (Id. at 9-15)  He also advised the Court that he was sure of his decision to plead guilty and that he was acting voluntarily.  (Id. at 10-15) "Solemn declarations in open court carry a strong presumption of verity." United States v. Rubalcaba,

1  811 F.2d 491, 494 (9th Cir. 1986)(rejecting claim of involuntariness of guilty plea).
2  Significantly, Movant advised the Court that counsel had discussed with him the nature and
3  range of possible sentences. (document # 26 at 14-19) Movant also acknowledged that counsel
4  had advised him of the possible sentence under the Sentencing Guidelines and that the
5  Guidelines are only advisory and not binding on the court. (document # 16 at 7; document #
6  26 at 14-16)

Additionally, in the plea agreement itself, Movant acknowledged that he had read the plea agreement and understood its provisions. (document # 16 at 7) The plea agreement provided that the offense level and length of the sentence imposed would be determined by the court based upon Movant's criminal record. (document # 16 at 4) Because he read the plea agreement, Movant knew that under the plea agreement, a maximum sentence of 63 months could be imposed depending on Movant's criminal. (document # 16 at 3) Movant also acknowledged that the plea agreement contained all of the terms and conditions to which he and the government had agreed. (Id. at 8)

In accepting Movant's guilty plea, the Court noted that Movant had acknowledged that he was guilty as charged, there was a factual basis for Movant's plea, he was aware of his rights and waived those rights, and he did so knowingly and voluntarily. (document # 26 at 23-24)  Movant advised the Court that he was satisfied with counsel's representation in the following exchange:

> The Court: Are you satisfied with your lawyer's representation in this case?
>
> Defendant Guizar: Yes.
>
> The Court: Is there anything you think he should do that he hasn't done or anything you want him to do that he hasn't done, Mr. Guizar?
>
> Defendant Guizar: I'm fine with my lawyer.

(document # 26 at 9)   Movant, while under oath, swore that he had read the plea agreement, understood its terms, discussed it with counsel, and agreed to be bound by its terms. (document # 26 at 12-14)  Because the district court's plea colloquy adhered to the requirements of Rule 11, the plea was not unknowing or involuntary on its face. Jeronimo, 398 F.3d 1149, 1157.

Because the point of Rule 11 is to ensure that a plea is knowing and voluntary, Rule 11 provides authority for the decision that Movant's pleas was voluntary. Jeronimo, 398 F.3d at 1157(citing Fed.R.Crim.P. 11(c)-(d) (2001) (provisions entitled "Advice to Defendant" and "Insuring That the Plea is Voluntary"); Fed.R.Crim.P. 11 advisory committee's note, 1975 Enactment (amended Rule 11(c) and (d) outline advice the court must give the defendant and "the steps that the court must take to insure that a . . . plea has been voluntarily made.") The Ninth Circuit has stated that "[a] colloquy satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." Jeronimo, 398 F.3d at 1157.

Movant has not established that counsel's performance was deficient or that counsel made a "misrepresentation or gross mischaracterization" which tainted the plea. Id. Moreover, the record does not contain any evidence suggesting that Movant was prejudiced by any acts or omissions of counsel that fell below an objective standard of reasonableness. Accordingly, Movant's claim of ineffective assistance fails.

**II. Criminal History**

Movant next argues that his criminal history is overstated because his prior convictions are over ten years old. The government properly alleged prior convictions in this case because there is no limit on the date of conviction to be considered in determining whether a defendant should be deemed an aggravated felon pursuant to U.S.S.G. § 2L1.2. "For purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43) without regard to the date of conviction for the aggravated felony." U.S.S.G. § 2L1.2, comment (n. 3). Additionally, there is no prohibition on calculating criminal history points based on a conviction that is ten years old. "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of that instant offense is counted." U.S.S.G. § 4A1.2(e).

Here, Movant was sentenced at a total offense level of 17, criminal history category IV. (PSR ¶ 33; document # 25 at 8) Contrary to Movant's assertion, his 1986 conviction was not used to calculate criminal history points. (document # 25 at 4) As a result of Movant's guilty

plea, he received a 37-month sentence which is 20 months less than the 51-month minimum recommended by the Guidelines. (document # 25 at 10-11) Thus, Movant benefitted by the plea agreement.   Movant's criminal history was not overstated, therefore, his claim fails.

## **CONCLUSION**

Based on the foregoing, Movant's claims fail and the Court should deny Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255.

Accordingly,

IT IS HEREBY RECOMMENDED that Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 (document # 17) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of March, 2006.

Lawrence O. Anderson
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28